UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

UNITED STATES OF AMERICA

v.                                                              No. 1:19-CR-00171-LEW

DYLAN BEGIN,

          Defendant.

## ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION

On November 10, 2021, I sentenced Defendant Dylan Begin to a 40-month term of imprisonment (ECF No. 864) following his guilty plea to a charge of Conspiracy to Distribute and Possess with the Intent to Distribute methamphetamine. On March 27, 2023, Mr. Begin filed a Motion for Compassionate Release (Letter Motion, ECF No. 1107). On April 26, 2023, I denied the motion (ECF No. 1115) for failure to demonstrate compliance with the exhaustion requirement. Mr. Begin has now filed a Motion for Reconsideration (ECF No. 1124) and attached proof of his compliance with the exhaustion requirement.

A district judge does not have freewheeling authority to "vacate, alter, or revise a sentence previously imposed," and is empowered to do so only in certain "narrowly circumscribed" circumstances. *United States v. Mercado-Flores*, 872 F.3d 25, 28 (1st Cir. 2017). A court may reduce a term of imprisonment when "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). A reason is "extraordinary"

1

if it "is beyond the mine-run either in fact or in degree." *U.S. v. Canales-Ramos*, 19 F.4th 561, 566 (1st Cir. 2021). Meanwhile, a "compelling" reason is one "that is both powerful and convincing." *Id*. at 567.

When addressing the extraordinary and compelling reasons for his release, Mr. Begin mainly points to his family situation. Prior to incarceration, Mr. Begin lived with his wife, his daughter (18 months) and his stepson (13 years). Mr. Begin's wife is currently unemployed and is performing the functions of a full-time parent. Mr. Begin asserts that because his incarceration prevents him from earning income to contribute to the family's living expenses, his family is at risk of losing their housing and disrupting the family unit. Mr. Begin is requesting that his sentence be reduced so that he may return to his family and either care for his children while his wife works or go to work so that his wife can care for their children.

Sadly, the financial plight of Mr. Begin's family is common to many families that have an incarcerated family member. "Regrettably, when a person is convicted of a felony, the felon is often not the only person who suffers. That person's family often pays the price for their loved one's wrongdoing." *U.S. v. Sunderland*, 2:15-CR-00120-NT, 2022 WL 1997267, at *2 (D. Me. June 6, 2022). I do not find that Mr. Begin's circumstances rise to the requisite level of being both extraordinary and compelling.

A court may independently rely on the sentencing factors of 18 U.S.C. § 3553(a) to deny a compassionate release motion but need only do so "if the court finds an extraordinary and compelling reason favoring release." *United States v. Saccocia*, 10 F.4th 1, 4 (1st Cir. 2021). Here, Mr. Begin has served a large portion of his sentence, has

completed the BOP Residential Drug Abuse Program, and possibly has accumulated enough earned time credits to justify his release based on a review of the sentencing factors, but he has not persuaded me that his rationale for release is extraordinary or compelling in the first instance. To the contrary, the collateral consequences suffered by his family as a result of his criminal conduct and incarceration are sadly common.

    The Motion for Reconsideration is **DENIED**.

    **SO ORDERED.**

Dated this 17th day of May, 2023.

                                           /s/ Lance E. Walker
                                           UNITED STATES DISTRICT JUDGE